18807

George C. WALLACE, Petitioner, v. Hon. O. Frank THORNTON, Secretary of State of South Carolina, and the South Carolina Independent Party, Respondents.

(162 S. E. (2d) 273)

320

*Messrs. Robinson, McFadden & Moore,* of Columbia, *for Petitioner,*

*Messrs. Berry, Lightsey, Gibbes* and *Bowers* and *Ralph C. Robinson, Jr.,* of Columbia, *for Respondent,*

July 8, 1968.

*Per Curiam:*

The petitioner, George C. Wallace, is a resident of Alabama and is a candidate for the office of President of the

United States in the November 1968 general election. The respondent, O. Frank Thornton, as Secretary of State, has the duty under the election laws of South Carolina of printing ballots in connection with the election of presidential electors. The respondent, The South Carolina Independent Party, is a legaly recognized and formally organized political party.

Heretofore more than the necessary number (10,000) of registered South Carolina voters filed a petition as permitted by law with the respondent, Thornton. They requested him to place on the ballot in the general election, first, the names of eight candidates for the office of presidential elector, and secondly, petitioner's name as the candidate for President for whom they would vote if chosen as electors. These supporters of the petitioner Wallace are campaigning in this State independent of any formally organized political party and the supporters are referred to as "The Wallace Campaign Organization."

The South Carolina Independent Party has also nominated and filed as permitted by law with the respondent, Thornton, the names of eight citizens as candidates for presidential elector and requested that he add to the ballot the name of George C. Wallace as the candidate for whom they also are pledged to vote.

This action was brought by permission in the original jurisdiction of this court by the petitioner, seeking an injunction against the respondent, Thornton, as Secretary of State, to prevent the use of the petitioner's name on the ballot of electors nominated by The South Carolina Independent Party. The South Carolina Independent Party is made a party to this action because of its obvious interest in the outcome of this proceeding.

Secretary of State Thornton, making his return to this court, takes the position that under a precedent established by his office (when the issue was not actually in contest) he will, unless otherwise directed, indicate the name of

George C. Wallace on the ballot of both groups of electors. Actually, he appropriately assumes a position of neutrality in the litigation and awaits the ruling of this court. The South Carolina Independent Party, in its return, submits that under the law in this State its request should be honored, and the name of George C. Wallace should be indicated on its ballot of electors, and asks that the petition be denied.

The relevant portion of the election law is found in the 1967 cumulative supplement to the 1962 Code, as follows:

"Section 23-400.12 * * * and in the case of candidates for presidential and vice-presidential electors, the names of the candidates for President and Vice-President whom they are nominated to vote for in the electoral college *may* be printed above their names if so requested in the certification or petition under which they are placed on the official ballot; * * *" (emphasis added.)

It will be observed from a reading of the code section quoted, that the names of the President and the Vice President for whom the electors intend to vote *may* be printed above the names of the candidates for the offices of electors. The Legislature has not used the word "shall" and accordingly, the printing is permissive and not mandatory. The use of the word "may" makes it necessary that someone make a determination. Obviously the determination should not be made by the Secretary of State when and if there is a contest. His duties are administrative. The determination, then must be made either by the presidential candidate or by The South Carolina Independent Party.

Ordinarily the listing of a candidate's name on the ballot would cause no problem because in the usual election, votes are cast for the candidate himself and all votes in favor of the candidate are totaled to his benefit. In an election for President, however, a unique situation is presented because of the electoral college system established by article II of the Constitution of the United States. Un-

der this system of election the citizen votes, not directly for the candidate himself, but for electors who attend the electoral college and bring about the actual election. The electors who receive the largest popular vote in each State attend the electoral college and elect the President. Separate sets of electors pledged to the same presidental candidate may not consolidate their vote.

In the election of electors where a plurality prevails, two sets of electors committed to, the same candidate may serve as a trap for the presidential aspirant. Of more importance, such may effectively create a device which thwarts the will of the majority.

It is the argument of the petitioner that he should not be required to lend his name to the South Carolina Independent Party, when such might so strengthen its electors' candidacy as to split his voting support and bring about defeat of electors selected by those in charge of his campaign. The problem is to the petitioner and to the voters a serious one.

Electors are chosen in hopes that their names will be of influence and help to the candidate they support. The name of the presidential candidate they support is placed on the ballot in hopes that the same will be of influence and help to the electors.

We think that the statute should be so interpreted and applied as to give to the people a free, clear, and intelligent choice as relates to the ultimate thing being sought. It cannot be forcefully argued that the voters are greatly concerned with which individuals become electors. They are greatly concerned with who becomes President of the United States. Theoretically, the electors go to the electoral college and exercise an independent judgment in choosing a President. In actuality they go committed to, vote for a certain candidate. It is of considerable interest that neither set of electors pretends to desire to exercise an independent judgment at the electoral college. Both vigorously assert that they are unconditionally committed to the Wallace candidacy.

The petitioner argues that the use of his name above the electors of The Independent Party will confuse the voters by leading them to believe that these are the electors selected by those in charge of his campaign. He submits that the unauthorized use of his name will split his voting forces to his prejudice, and infringe upon his right to influence his political destiny in the management of his own campaign.

We agree with the petitioner that the use of his name above the slate of electors of The South Carolina Independent Party will tend to prevent, rather than enhance, the possibility of the voters making their voice heard in the electoral college.

We find comparatively little law on the point involved. Though the facts are not exactly the same, we think the reasoning in the case of *Battaglia v. Adams,* Fla., 164 So. (2d) 195, is applicable:

"It might be noted that in this area—the political arena—a person's right to manage his own political campaign and to say when and where he shall stand for office has been recognized as a personal right in many other jurisdictions; and it appears to be generally held that, in the absence of statutory inhibition, a candidate has a natural or inherent right to resign at any time and to have his name deleted from the ballot."

The case of *State ex rel. LaFollette v. Hinkle,* 131 Wash. 86, 229 P. 317, is also of interest.

It is therefore the order of this court that the relief prayed in the petition of George C. Wallace be granted and that the respondent, O. Frank Thornton, as Secretary of State of South Carolina, be and he is hereby enjoined from placing the name of George C. Wallace on the November 1968 general election ballot in connection with the presidential electors nominated by The South Carolina Independent Party.